UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　Case No.: 8:18-cr-299-VMC-AAS

CHRISTIAN RODRIGUEZ-SANCHEZ

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Christian Rodriguez-Sanchez's pro se Motion for Compassionate Release (Doc. # 108), filed on August 2, 2021. The United States responded on August 17, 2021. (Doc. # 111). For the reasons set forth below, the Motion is denied.

I. **Background**

In December 2018, the Court sentenced Rodriguez-Sanchez to 102 months' imprisonment for conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Doc. # 86 at 1-2). Rodriguez-Sanchez is 29 years old and is projected to be released from FCI Allenwood Medium in September 2025.[1]

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

1

In the Motion, Rodriguez-Sanchez seeks compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, because of his medical conditions, which include tuberculosis, hypertension, asthma, and "neutrophils." (Doc. # 108 at 2). Prior to filing the instant Motion, Rodriguez-Sanchez made a request to the Bureau of Prisons ("BOP") for compassionate release, which the warden denied on June 7, 2021. (Doc. # 111-4). The United States has responded (Doc. # 111), and the Motion is now ripe for review.

## II. Discussion

The United States argues that Rodriguez-Sanchez has not identified "extraordinary and compelling reasons" that would justify granting the instant Motion, even assuming that he has exhausted his administrative remedies. (Doc. # 111 at 6). The Court agrees.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). In the Motion, Rodriguez-Sanchez argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

>defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Even assuming that Rodriguez-Sanchez has exhausted his administrative remedies, the Motion is denied because he has not demonstrated that his circumstances are extraordinary and compelling. The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor

3

children. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Rodriguez-Sanchez bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Here, Rodriguez-Sanchez cites to a number of underlying medical conditions, which include a latent tuberculosis infection ("LTBI"), hypertension, asthma, and "neutrophils." (Doc. # 108 at 2). However, Rodriguez-Sanchez has not demonstrated that these conditions are serious such that they substantially diminish his ability to provide self-care in prison. See USSG § 1B1.13, comment. (n.1); see also United States v. Auguste, No. 1:00-cr-00485-UU-4, 2020 WL 7635930, at *1-2 (S.D. Fla. Aug. 17, 2020) (denying an inmate's pro se motion for compassionate release who suffered from obesity and a latent tuberculosis infection); United States v. Rodriguez-Orejuela, 457 F. Supp. 3d 1275, 1282-83 (S.D. Fla.

4

2020) (denying a defendant's request for compassionate release who was diagnosed with cancer, hypertension, chronic anxiety and depression, hyperlipemia, hyperplasia, and gout, among other things).

While the Government admits that Rodriguez-Sanchez has been diagnosed with LTBI, his medical records indicate that Rodriguez-Sanchez has reported that he feels "fantastic" and is not reporting any problems or symptoms. (Doc. # 111 at 9; Doc. # 111-6). Indeed, the medical records indicate that Rodriguez-Sanchez was a "no-show" to multiple appointments for LTBI treatment in recent months. (Id.). United States v. Bethel, No. 3:08-CR-118, 2020 WL 7321372, at *3 (E.D. Tenn. Dec. 11, 2020) (denying compassionate release to inmate with LTBI where recent imaging had shown inmate's lungs to be clear and inmate had refused treatment). Rodriguez-Sanchez's medical records indicate that his medical conditions are being managed. (Doc. # 111-6) (filed under seal). What's more, Rodriguez-Sanchez's medical records indicate that he is fully vaccinated against COVID-19. See (Doc. # 111-6 at 158) (filed under seal).

Finally, the 18 U.S.C. § 3553(a) factors do not support compassionate release. Section 3553(a) requires the imposition of a sentence that protects the public and reflects

5

the seriousness of his crime. The nature and circumstances of this case involved the smuggling of over five kilograms of cocaine into the United States. (Doc. # 86). Rodriguez-Sanchez has completed just over a third of his imposed sentence, and the Court finds that the need for deterrence weighs against release at this time. (Doc. # 111 at 2, 13-14).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Christian Rodriguez-Sanchez's pro se Motion for Compassionate Release (Doc. # 108) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 31st day of August, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE